**State of Illinois**
**County of Winnebago**
**17th Judicial Circuit**

RECEIVED

AUG 2 2 2008

MICHAEL W. DOBBINS
CLERK, U. S. DISTRICT COURT

_____Jeremy Lee Moore_____
(Enter above the full name of
the plaintiffs in this action)

VS.

Case No: **08 C 50186**
(To be supplied by the Clerk of this Court)

Kupala

_____Officer Lesmeister_____

_____City of Rockford_____

_____Rockford P.D. Chief_____

_____Rockford P.D. Asst. Chief_____
(Enter above the full name of all
defendants in this action. Do not
use "et al.")



**Complaint Under The Illinois Constitution, Bill of Rights**
**(Statutes Unknown)**



**Complaint Under The Civil Rights Act, Title 42 Section 1983**
**U.S. Code**

_____

**Complaint Under The Constitution ("Bivens" Action), Title**
**28 Section 1331 U.S. Code**

_____

**Other**



## I.    Plaintiff(s):

A.    Name: <u>Jeremy Lee Moore</u>

B.    List all aliases: <u>Dustin Storm, Jeremy D. Moore, Lucas Warmwater, Charlie Gossett, Jay Seibert</u>

C.    Prisoner identification number: <u>76032, B69064</u>

D.    Place of present confinement: <u>Winnebago County Justice Center</u>

E.    Address: <u>650 W. State St. Rockford, IL 61102</u>

(If there is more than one plaintiff, then each plaintiff must life his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

## II.    Defendant(s):

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A.    Defendant: <u>Officer Lesmeister</u>

Title: <u>Police Officer City of Rockford</u>

Place of Employment: <u>Rockford Police Force</u>

B.    Defendant: <u>City of Rockford</u>

Title: _____

Place of Employment: _____

C.    Defendant: <u>Chet Epperson</u>

Title: <u>Chief of Police: Rockford</u>

Place of Employment: <u>Rockford City Police</u>

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

III.  **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A.  Name of case and docket number:  _NONE_____

_____

B.  Approximate date of filing lawsuit:  _NONE_____

C.  List all plaintiffs (if you had co-plaintiff), including any aliases:  _NONE_____
_____
_____
_____

D.  List all defendants:  _NONE_____
_____
_____
_____

E.  Court in which the lawsuit was file (if federal court, name the district; if state court, name the county):  _NONE_____

F.  Name of judge to whom case was assigned:  _NONE_____
_____

G.  Basic claim made:  _NONE_____
_____
_____

H.  Disposition of this case(for example:  Was the case dismissed?  Was it appealed?  Is it still pending?):  _____NONE_____
_____
_____

I.  Approximate date of disposition:  _NONE_____

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT.  REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE.  CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

# PRISONER CORRESPONDENCE FORM

Please fill out and return this form along with any other pleading you wich to submit to the court. It is your responsibility to keep the court advised of your current address in order for you to receive orders from the court. Failure to do so may result in dismissal of your case for want of prosecution. Once the Prisoner Correspondent records this information, this form will be destroyed.

## PLEASE PRINT

1.    Name:

   _____Jeremy_____Lee_____Moore_____
        (First)                    (Middle)              (Last)

   List Alias Names, if any:  Jeremy D. Moore,  Dustin Storm,  Lucas Warmwater

   Charlie Gossett, Jay Seibert _____

2.    Any Current/Prior
      Prison ID Number(s):  B69064 _____

      Name of Prison(s):  Sheridan _____

3.    Jail ID Number(s):  76032 _____

      Name of Jail(s):  Winnebago County Jail _____

4.    Date of Birth:  October 20, 1976 _____

5.    Home Address (Do not use P.O. Box):

      Street Name and Number:  5642 Rockport Road _____

      City, State and Zip Code:  Loves Park, IL 61111 _____

**IV.  Statement of Claim :**

On the 18th of April of this year, Officer Lesmeister was responding to a call of Retail Theft at the Wal Mart Supercenter on the corner of Riverside and Central Ave. Officer Lesmiester observed the plaintiff, a Mr. Jeremy Lee Moore fleeing from the loss prevention team in the parking lot of the said Wal-Mart. The officer, obviously seeing that the plaintiff was unarmed and of no immediate threat to either himself or to any bystanders, still chose to run the plaintiff down with his squad car rather than to stop and demand his surrender. Even if the officer believed it to be warranted, he could have drawn out his firearm and warned the suspect to indeed surrender to his custody.

It is also the plaintiffs' contention that having realized that he had done something wrong, the officer made all attempts to cover himself by giving false statements on the police reports and by overcharging misdemeanors as felonies which caused "unreasonably" high and excessive bond.  The officer tried to justify his unorthidox seizure by claiming the strike to the plaintiff was an accident.  The cameras in the parking lot of Wal Mart as well as the camera in the squad car will clearly show that the officer was clearly traveling at a rate of speed higher than stated in the police report. The officer did then indeed intentionally swerve his squad car towards Mr. Moore; excellerating his vehicle to strike him.  The officer also claims in another police report that he had no other option than to strike the plaintiff with his squad car. This statement is not true.  There were many other options available to the policeman in this situation.  Had the plaintiff seen the squad car, he clearly would have surrendered himself to avoid being struck by the vehicle.

The charges in question are so minimal that it would have only taken but a brief verbal command for the suspect to surrender.  The plaintiff also contends that such conduct along

these lines, i.e. misconduct and excessive (deadly) force ---when such force is not warranted and the striking of a pedestrian suspects to subdue; have all become marked customs and well known practices of the Rockford City Police Department. Mr. Moore further contends that those who supervise these officers directly, as well as their superiors, have wilfully failed and refused to control, discipline, train, and supervise. These actions directly resulted in these officers acting in such a manner as to consequently believe that this is of proper procedure.

Mr. Moore also believes that these failures of precedure have directly caused the following injuries sustained to him: a severe laceration to the back of the head, a minor concusion, contusions to the left hand and chest, along with permanent neck and back injuries, as well as two fractured ribs. Mr. Moore, for the treatment of the injury on the back of his head, required a total of seven staples. Nevertheless, he has endured the painful process of not being able to completely rest his head during sleep for over a month now. He has also dealt with the discomfort of not being able to have complete control of his hand becuase of emense swelling. However, neither of these more minor injuries has yet compared to the agony Mr. Moore still endures trying to sleep on a very strained neck, back, and the fractured ribs. Consequently, Mr. Moore cannot sit up or lay down for more than twenty minutes. This compounds the daily hardships he must endure under this stress.

The above damages, as well as violations of state and federally protected rights were transgressed by the officer's activities. The plaintiff believes wholeheartedly in the remedies within the law for such injuries. Mr. Moore therefore also believes that even he is entitled to seek such remedies and to be "made whole" by them. Due to the involvement of the very institutions and offices which we have established to protect the rights of individuals that have been violated, Mr. Moore believes that if these parties are permitted to act as they wish and not as the law would have allowed, our very system of justice will be at risk of collapse. The

very ability to oversee and "police" these codes of conduct begins and ends with these officials and institutions.  They, more than any other, must be made to live by and obey such codes; otherwise, they risk the peoples' trust in a lawful and just system.

Jeremy Lee Moore
Plaintiff

**V.    Relief:**

State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.

THE PLAINTIFF, JEREMY L MOORE FIRST PRAYS OF THE
COURT COMPENSATORY DAMAGES FOR THE PHYSICAL INJURIES INCURED
HIM I.E. MEDICAL BILLS (PAST) AS WELL AS FUTURE
COST IN THE AMOUNT OF 150,000.00. Secondly HE
REQUESTS COMPENSATORY DAMAGES FOR THE VIOLATIONS
OF HIS SUBSTANTIVE CONSTITUTIONAL RIGHTS, BOTH STATE
SEE ATTACHED PAGE

**VI.    The plaintiff demands that the case be tried by a jury.    ☑ YES    ☐ NO**

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief.  I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this ___2ⁿᵈ___ day of ___JUNE___, 20_08_

_____
(Signature of plaintiff or plaintiffs)

___JEREMY LEE MOORE___
(Print name)

___16072, RC1004___
(I.D. Number)

___5647 ROCKPORT RD___

___LOVES PARK IL 61111___
(Address)

6

AND SEVERALLY RESPONSIBLE FOR THE AMOUNT OF
$50,000 ea $ THEREBY THE PLAINTIFF SEEKS
PUNITIVE DAMAGES OF AN AMOUNT DEEMED SUITABLE
BY THE COURT TO BE LEVIED AGAINST THE DEFENDANT
OFFICERS AS DETERRANT FROM FURTHER COMMISSIONS
OF CONSTITUTIONAL VIOLATIONS IN PERFORMANCE OF HIS
DUTIES. IN ADDITION TO THESE AWARDS THE PLAINTIFF BEGS
OF THE COURT THAT THE CITY OF ROCKFORD AS WELL
AS ITS POLICE DEPARTMENT BE MADE TO DECLARE
PUBLICLY THE WRONGS COMMITTED AND THAT THEY
APOLOGIZE FOR SUCH ACTS. LIKELY THE PLAINTIFF
ASKS ■ THAT THE ROCKFORD POLICE DEPARTMENT
BE RESTRAINED BY WAY OF INJUNCTION FROM
COMMITTING LIKE VIOLATIONS OF CITIZENS CIVIL RIGHTS,
IN SPECIFIC THE USE OF POLICE VEHICLES TO STRIKE
PEDESTRIAN SUSPECTS TO SUBDUE IN CASES THAT
DO NOT MEET THE STRINGENT REQUIREMENTS
FOR THE USE OF DEADLY FORCE IN THE STATE OF
ILLINOIS.

5

**UNITED STATES OF AMERICA**

# IN THE COURT OF THE NORTHERN DISTRICT OF ILLINOIS
## COUNTY OF WINNEBAGO

FIRST AMENDED FEDERAL CIVIL COMPLAINT UNDER 42U.S.C.1983

(COUNT 1)
Under the fourth amendment of the u.s. constitution pursuant to 42 u.s.c. 1983 officer Lesmeister of the ROCKFORD police department is liable in both his official and individual capacities for the damages and injuries resulting from his deliberately indifferent use of excessive (deadly) force.In specific these damages are as follows,2 fractured ribs,a laceration to the back of the head requiring 7 staples,a minor concusion,contusions to both the left chest and left hand,numerous back and neck conditions including,spasms in several areas of the lower back, spasms in the neck,as well as spasms in the muscles of the shoulders.There alo exsists residual, severe pain in more than one location of the spine,as well as progressive degenerative disc damage in several vertibrea.The plaintiff also contends that Lesmeister is liable in again both his official and individual capacities for the loss of liberties resulting from his (Lesmeisters')deprivation of the plaintiff Moores federally protected constitutional right to be secure against unreasonable seizures.TO WIT:

A)That officer Lesmeister, with deliberate indifference to the known risk of severe injury and a blatent disregard for not only the safety of the plaintiff but for many innocent bystanders and their property as well,did indeed accelerate,swerve at,and strike with his police vehicle said plaintiff without justifcation.

B)That the acts as set forth in this count do indeed constitute a seizure as applicable to the fourth amendment of the u.s. constitutions' reasonableness standard.

C)That the amount of force used by Lesmeister was indeed unreasonable and disproportionate to the need under the totality of the circumstances.

D)That seizures by excessive force are a violation of federally protected constitutional rights.

E)That the right to be secure against such seizures was a clearly established constitutional, as well as statutary law at the time and date of the incident in question.

F)That officer Lesmeister as a reasonable person should have been aware before his commission of the acts, that they could constitute a violation of federally protected rights.

G)That the aforementioned acts of this count were indeed the proximate cause of the damages,injuries,and loss of liberties suffered by the plaintiff.



FIRST AMENDED FEDERAL CIVIL COMPLAINT UNDER 42U.S.C.1983

(COUNT 2 )
Under the fourth amendment of the u.s. constitution pursuant to 42 u.s.c. 1983
the city of ROCKFORD is liable for the damages and injuries set as set forth in
count 1 of this complaint, resulting from officer Lesmeisters' deliberately
indifferent use of excessive (deadly) force.It is also the plaintiffs' contention
that the city of ROCKFORD is liable for the loss of liberties  suffered the
plaintiff resulting from Lesmeisters' deprivation of the plaintiffs' federally
protected constitutional right to be secure against unreasonable seizures.TO WIT:

A)That officer Lesmeister, with deliberate indifference to the known risk of
severe injury and a blatent disregard for the safety of not only the plaintiff
but for many innocent bystanders as well as their property did accelerate,swerve
at,and strike with his police vehicle, said plaintiff without justification.

B)That the acts as set forth in count 1 of this count do constitute a seizure as
applicable to the fourth amendment of the u.s. constitutions' reasonableness
standard.

C)That the force used by Lesmeister was indeed unreasonable and disproportionate
to the need under the totality of the circumstances.

D)That seizures by excessive force are a violation of federally protected
constitutional rights.

E)That the right to be secure against such seizures was a clearly established
constitutional,as well as statutary law at the time and date of the incident in
question.

F)That officer Lesmeister, as a reasonable person should have been aware before
his commission of the acts,that they could constitute a violation of federally
protected rights.

G)That the city of ROCKFORD ignored plainly observable facts and signs that
should have given notice to any reasonable official or entity ,that
constitutional violations were taking place and that unchecked, continued
violations would likely occur.

H)That the city of ROCKFORD failed or refused to properly train,supervise,
control,and or discipline its police officers and their supervisors.

I)That this failure or refusal to properly train,supervise,control,and or
discipline caused officer Lesmeister,the chief and asst. chief of police to
subsequently believe that unwarranted uses of excessive force were acceptable,
carrying on and or creating an unofficial policy,marked custom,or a well known
practice of excessive force by the ROCKFORD P.D.

G)That the aformentioned acts of this count were indeed the proximate cause of
the damages,injuries,and loss of liberties suffered by the plaintiff.

# FIRST AMENDED FEDERAL CIVIL COMPLAINT UNDER 42U.S.C.1983

(COUNT 3 )
Under the fourth amendment of the u.s. constitution pursuant to 42 u.s.c. 1983 the chief of police for the city of ROCKFORD is liable for the damages and injuries set as set forth in count 1 of this complaint, resulting from officer Lesmeisters' deliberately indifferent use of excessive (deadly) force.It is also the plaintiffs' contention that the city of ROCKFORD is liable for the loss of liberties  suffered the plaintiff resulting from Lesmeisters' deprivation of the plaintiffs' federally protected constitutional right to be secure against unreasonable seizures.TO WIT:

A)That officer Lesmeister, with deliberate indifference to the known risk of severe injury and a blatent disregard for the safety of not only the plaintiff but for many innocent bystanders as well as their property did accelerate,swerve at,and strike with his police vehicle, said plaintiff without justification.

B)That the acts as set forth in count 1 of this count do constitute a seizure as applicable to the fourth amendment of the u.s. constitutions' reasonableness standard.

C)That the force used by Lesmeister was indeed unreasonable and disproportionate to the need under the totality of the circumstances.

D)That seizures by excessive force are a violation of federally protected constitutional rights.

E)That the right to be secure against such seizures was a clearly established constitutional,as well as statutary law at the time and date of the incident in question.

F)That officer Lesmeister, as a reasonable person should have been aware before his commission of the acts,that they could constitute a violation of federally protected rights.

G)That the chief of police for the city of ROCKFORD ignored plainly observable facts and signs that should have given notice to any reasonable official or entity ,that constitutional violations were taking place and that unchecked, continued violations would likely occur.

H)That the chief of police for the city of ROCKFORD failed or refused to properly train,supervise,
control,and or discipline its police officers and their supervisors.

I)That this failure or refusal to properly train,supervise,control,and or discipline caused officer Lesmeister,and the asst. chief of police to subsequently believe that unwarranted uses of excessive force were acceptable, carrying on and or creating an unofficial policy,marked custom,or a well known practice of excessive force by the ROCKFORD P.D.

G)That the aformentioned acts of this count were indeed the proximate cause of the damages,injuries,and loss of liberties suffered by the plaintiff.

FIRST AMENDED FEDERAL CIVIL COMPLAINT UNDER 42U.S.C.1983

(COUNT 4 )
Under the fourth amendment of the u.s. constitution pursuant to 42 u.s.c. 1983
the asst. chief of police for the city of ROCKFORD is liable for the damages and
injuries set as set forth in count 1 of this complaint, resulting from officer
Lesmeisters' deliberately indifferent use of excessive (deadly) force.It is also
the plaintiffs' contention that the city of ROCKFORD is liable for the loss of
liberties  suffered the plaintiff resulting from Lesmeisters' deprivation of the
plaintiffs' federally protected constitutional right to be secure against
unreasonable seizures.TO WIT:

A)That officer Lesmeister, with deliberate indifference to the known risk of
severe injury and a blatent disregard for the safety of not only the plaintiff
but for many innocent bystanders as well as their property did accelerate,swerve
at,and strike with his police vehicle, said plaintiff without justification.

B)That the acts as set forth in count 1 of this count do constitute a seizure as
applicable to the fourth amendment of the u.s. constitutions' reasonableness
standard.

C)That the force used by Lesmeister was indeed unreasonable and disproportionate
to the need under the totality of the circumstances.

D)That seizures by excessive force are a violation of federally protected
constitutional rights.

E)That the right to be secure against such seizures was a clearly established
constitutional,as well as statutary law at the time and date of the incident in
question.

F)That officer Lesmeister, as a reasonable person should have been aware before
his commission of the acts,that they could constitute a violation of federally
protected rights.

G)That the asst. chief of police for the city of ROCKFORD ignored plainly
observable facts and signs that should have given notice to any reasonable
official or entity ,that constitutional violations were taking place and that
unchecked, continued violations would likely occur.

H)That the asst. chief of police for the city of ROCKFORD failed or refused to
properly train,supervise,
control,and or discipline its police officers and their supervisors.

I)That this failure or refusal to properly train,supervise,control,and or
discipline caused officer Lesmeister to subsequently believe that unwarranted
uses of excessive force were acceptable, carrying on and or creating an
unofficial policy,marked custom,or a well known practice of excessive force by
the ROCKFORD P.D.

G)That the aformentioned acts of this count were indeed the proximate cause of
the damages,injuries,and loss of liberties suffered by the plaintiff.

## FIRST AMENDED FEDERAL CIVIL COMPLAINT

(COUNT 5)
Under the eighth amendment of the u.s. constitution pursuant to 42 u.s.c. 1983
officer Lesmeister of the ROCKFORD police is liable in both his official and
individual capacities for the damages and injuries resulting from his
(Lesmeisters') deliberately indifferent use of excessive force as set forth in
count 1 of this complaint.The plaintiff also contends that Lesmeister is liable
for the loss of liberties resulting from the deprivation of the plaintiffs'
federally protected right to be free from infliction upon him of cruel and or
unusual punishments as well as the right not to be subjected to excessive bail,TO
WIT:

A)That officer Lesmeister,with deliberate indifference to the known risk of
severe injury and blatent disregard for not only the safety of the plaintiff but
many innocent bystanders as well as their property,did indeed accelerate,swerve
at,and strike with his police vehicle said plaintiff without justification.

B)That officer Lesmeister did intentionally charge misdemeanors as felonies and
add additional charges to the complaint against the plaintiff in an attempt to
conceal the fact that he (Lesmeister)had commited numerous civil rights
violations.

C)That the strike of the plaintiff with a police vehicle by excessive force does
indeed constitute a cruel and or unusual physical punitive act and is subject to
eighth amendment standards.

D)That all (a)(b)and(c) of this count as well as  the acts set forth in count 1
are indeed violations of federally protected constitutional rights

E)That (a)(b)and(c) were violations of clearly established constitutional and
statutary law at the time and date of the incident in question.

F)That officer Lesmeister as a reasonable person, should have been aware before
his commission of the acts, that they could constitute violations of federally
protected constitutional rights.

G)That the aformentioned acts as set forth in count 1 and in this count were
indeed the proximate cause of the damages,injuries,and loss of liberties suffered
by the plaintiff.

(COUNT 6)
UNDER the eighth amendment of the u.s. constitution pursuant to 42 u.s.c. 1983 the chief of police for the city of ROCKFORD Chet Eperson is liable for the damages and injuries as set forth in count 1 of this complaint resulting from officer Aaron Lesmeisters' deliberately indifferent use of excessive (deadly) force.The plaintiff also contends that the chief of police is liable for the loss of liberties resulting from Lesmeisters' deprivation of the plaintiffs' federally protected rights to be free from infliction upon him of cruel and unusual punishments as well as the right not to be subjected to excessive bail.TO WIT:

A)That officer Lesmeister,with deliberate indifference to the known risk of severe injury and blatent disregard for not only the safety of the plaintiff but many innocent bystanders as well as their property,did indeed accelerate,swerve at,and strike the with his police vehicle said plaintiff without justification.

B)That officer Lesmeister did intentionally charge misdemeanors as felonies and add additional charges to the complaint against the plaintiff in an attempt to conceal the fact that he (Lesmeister) had commited numerous civil rights violations.

C)That the strike of the plaintiff with a police vehicle by excessive force does indeed constitute a cruel and or an unusual physical punitive act and is subject to eighth amendment standards.

D)That (a)(b)and(c)of this count as well as the acts as set forth in count 1 of this complaint are indeed violations of federally protected constitutional rights.

E)That (a)(b) and(c) and the acts as set forth in count 1 of this complaint were violations of clearly established constitutional and statutory law at the time and date of the incident in question.

F)That officer Lesmeister as a reasonable person,should have been aware before his commission of the acts,that they could constitute violations of federally protected constitutional rights.

G)That the chief of police for the city of ROCKFORD ignored plainly observable facts and signs that should have given notice to any reasonable official or entity,that constitutional violations were taking place and that unchecked,continued violations would likely occur.

H)That the chief of police for the city of ROCKFORD failed or refused to properly train,supervise,control,and or discipline his police officers and their supervisors.

I)That this failure or refusal to properly train,supervise,control,and or discipline caused officer Lesmeister,and the asst. chief of police to subsequently believe that the aformentioned acts of this count and count 1 were acceptable,carrying on and or creating an unofficial policy,marked custom,or well known practice of such acts by the ROCKFORD P.D.

J)That the aformentioned acts of this count were indeed the proximate cause of the damages,injuries and loss of liberties suffered by the plaintiff.

(COUNT 7)
UNDER the eighth amendment of the u.s. constitution pursuant to 42 u.s.c. 1983 the
assistant chief of police for the city of ROCKFORD is liable for the damages and
injuries as set forth in count 1 of this complaint resulting from officer Aaron
Lesmeisters' deliberately indifferent use of excessive (deadly) force.The plaintiff
also contends that the asst. chief of police for the city of ROCKFORD is liable for
the loss of liberties resulting from Lesmeisters' deprivation of the plaintiffs'
federally protected rights to be free from infliction upon him of cruel and unusual
punishments as well as the right not to be subjected to excessive bail.TO WIT:

A)That officer Lesmeister,with deliberate indifference to the known risk of severe
injury and blatent disregard for not only the safety of the plaintiff but many
innocent bystanders as well as their property,did indeed accelerate,swerve at,and
strike the with his police vehicle said plaintiff without justification.

B)That officer Lesmeister did intentionally charge misdemeanors as felonies and add
additional charges to the complaint against the plaintiff in an attempt to conceal
the fact that he (Lesmeister) had commited numerous civil rights violations.

C)That the strike of the plaintiff with a police vehicle by excessive force does
indeed constitute a cruel and or an unusual physical punitive act and is subject to
eighth amendment standards.

D)That (a)(b)and(c)of this count as well as the acts as set forth in count 1 of this
complaint are indeed violations of federally protected constitutional rights.

E)That (a)(b) and(c) and the acts as set forth in count 1 of this complaint were
violations of clearly established constitutional and statutory law at the time and
date of the incident in question.

F)That officer Lesmeister as a reasonable person,should have been aware before his
commission of the acts,that they could constitute violations of federally protected
constitutional rights.

G)That the asst. chief of police for the city of ROCKFORD ignored plainly observable
facts and signs that should have given notice to any reasonable official or
entity,that constitutional violations were taking place and that unchecked,continued
violations would likely occur.

H)That the asst. chief of police for the city of ROCKFORD failed or refused to
properly train,supervise,control,and or discipline his police officers and their
supervisors.

I)That this failure or refusal to properly train,supervise,control,and or discipline
caused officer Lesmeister to subsequently believe that the aformentioned acts of
this count and count 1 were acceptable,carrying on and or creating an unofficial
policy,marked custom,or well known practice of such acts by the ROCKFORD P.D.

J)That the aformentioned acts of this count were indeed the proximate cause of the
damages,injuries and loss of liberties suffered by the plaintiff.

(COUNT 8)
UNDER the eighth amendment of the u.s. constitution pursuant to 42 u.s.c. 1983 the city of ROCKFORD is liable for the damages and injuries as set forth in count 1 of this complaint resulting from officer Aaron Lesmeisters' deliberately indifferent use of excessive (deadly) force.The plaintiff also contends that the city of ROCKFORD is liable for the loss of liberties resulting from Lesmeisters' deprivation of the plaintiffs' federally protected rights to be free from infliction upon him of cruel and unusual punishments as well as the right not to be subjected to excessive bail.TO WIT:

A)That officer Lesmeister,with deliberate indifference to the known risk of severe injury and blatent disregard for not only the safety of the plaintiff but many innocent bystanders as well as their property,did indeed accelerate,swerve at,and strike the with his police vehicle said plaintiff without justification.

B)That officer Lesmeister did intentionally charge misdemeanors as felonies and add additional charges to the complaint against the plaintiff in an attempt to conceal the fact that he (Lesmeister) had commited numerous civil rights violations.

C)That the strike of the plaintiff with a police vehicle by excessive force does indeed constitute a cruel and or an unusual physical punitive act and is subject to eighth amendment standards.

D)That (a)(b)and(c)of this count as well as the acts as set forth in count 1 of this complaint are indeed violations of federally protected constitutional rights.

E)That (a)(b) and(c) and the acts as set forth in count 1 of this complaint were violations of clearly established constitutional and statutory law at the time and date of the incident in question.

F)That officer Lesmeister as a reasonable person,should have been aware before his commission of the acts,that they could constitute violations of federally protected constitutional rights.

G)That the city of ROCKFORD ignored plainly observable facts and signs that should have given notice to any reasonable official or entity,that constitutional violations were taking place and that unchecked,continued violations would likely occur.

H)That for the city of ROCKFORD failed or refused to properly train,supervise,control,and or discipline its' police officers and their supervisors.

I)That this failure or refusal to properly train,supervise,control,and or discipline caused officer Lesmeister as well as the chief and asst. chief to subsequently believe that the aformentioned acts of this count and count 1 were acceptable,carrying on and or creating an unofficial policy,marked custom,or well known practice of such acts by the ROCKFORD P.D.

J)That the aformentioned acts of this count were indeed the proximate cause of the damages,injuries and loss of liberties suffered by the plaintiff.

FIRST AMENDED FEDERAL CIVIL COMPLAINT UNDER 42 U.S.C. 1983

(COUNT 9)
Under the fourteenth amendment of the u.s. constitution pursuant to 42 u.s.c. 1983
officer Aaron Lesmeister is liable in both his official and individual capacities
for the damages and injuries set forth in count 1 of this complaint resulting from
his (Lesmeisters') deliberately indifferent use of excessive (deadly) force.The
plaintiff also contends that he(Lesmeister) is liable as well for the loss of
liberties resulting from his deprivation of the plaintiffs' federally protected
constitutional rights to due process of law and equal protection of such laws.TO
WIT:

A)That officer Lesmeister with deliberate indifference to the known risk of severe
injury and blatent disregard for not only the safety of the plaintiff but many
innocent bystanders as well as their property,did indeed accelerate,swerve at, and
strike with his police vehicle said plaintiff without justification.

B)That officer Lesmeister did choose,in part, as a result of his opinions regarding
the plaintiffs' class and social standing i.e. "HOMELESS""TRANSIENT""POOR""PUNK
ROCK",to strike him (plaintiff) with the police vehicle.

C)That these acts as set forth in both (a)and (b) of this count as well as the acts
as set forth in count 1 of this complaint are violations of the plaintiffs'
federally protected constitutional rights to due process of law and equal protection
of such laws.

D)That use of excessive force without justification as well as class motivated
violence and discriminatory punitive acts have long been well established
constitutional and statutory law and were so at the time and date of the incident in
question.

E)That officer Lesmeister as a reasonable person should have been aware before his
commission of the acts, that they could constitute violations of federally protected
rights.

F)That the force used by Lesmeister was clearly unreasonable and disproportionate to
the need as well as shocking to the conscience under the totality of the
circumstances.

G)That the aformentioned acts as set forth in count 1 of this complaint as well as
those set forth in this count were indeed the proximate cause of the
damages,injuries,and loss of liberties suffered by the plaintiff.

FIRST AMENDED FEDERAL CIVIL COMPLAINT UNDER 42 U.S.C. 1983

(COUNT 10)
Under the fourteenth amendment of the u.s. constitution pursuant to 42 u.s.c. 1983 the assistant chief of police for the city of ROCKFORD is liable for the damages and injuries set forth in count 1 of this complaint resulting from officer Lesmeisters' deliberately indifferent use of excessive (deadly) force.The plaintiff also contends that the asst. chief of police for the city of ROCKFORD is liable as well for the loss of liberties resulting from Lesmeisters' deprivation of the plaintiffs' federally protected constitutional rights to due process of law and equal protection of such laws.TO WIT:

A)That officer Lesmeister with deliberate indifference to the known risk of severe injury and blatent disregard for not only the safety of the plaintiff but many innocent bystanders as well as their property,did indeed accelerate,swerve at, and strike with his police vehicle said plaintiff without justification.

B)That officer Lesmeister did choose,in part, as a result of his opinions regarding the plaintiffs' class and social standing i.e. "HOMELESS""TRANSIENT""POOR""PUNK ROCK",to strike him (plaintiff) with the police vehicle.

C)That these acts as set forth in both (a)and (b) of this count as well as the acts as set forth in count 1 of this complaint are violations of the plaintiffs' federally protected constitutional rights to due process of law and equal protection of such laws.

D)That use of excessive force without justification as well as class motivated violence and discriminatory punitive acts have long been well established constitutional and statutory law and were so at the time and date of the incident in question.

E)That officer Lesmeister as a reasonable person should have been aware before his commission of the acts, that they could constitute violations of federally protected rights.

F)That the force used by Lesmeister was clearly unreasonable and disproportionate to the need as well as shocking to the conscience under the totality of the circumstances.

G)That the asst. chief of police for the city of ROCKFORD ignored plainly observable facts and signs that should have given notice to any reasonable official or entity,that constitutional violations were taking place and that unchecked,continued violations would likely occur.

H)That the asst. chief of police failed or refused to properly train,supervise,control, and or discipline his officers and their supervisors.

I)That this failure or refusal to properly train,supervise,control,and or discipline caused officer Lesmeister to subsequently believe that such acts were acceptable,carrying on and or creating an unofficial policy,marked custom,or well known practice of such acts by the ROCKFORD P.D.

J)That the aformentioned acts as set forth in count 1 of this complaint as well as those set forth in this count were indeed the proximate cause of the damages,injuries,and loss of liberties suffered by the plaintiff.

FIRST AMENDED FEDERAL CIVIL COMPLAINT UNDER 42 U.S.C. 1983

(COUNT 11)
Under the fourteenth amendment of the u.s. constitution pursuant to 42 u.s.c. 1983
the chief of police for the city of ROCKFORD Chet Eperson is liable for the damages
and injuries set forth in count 1 of this complaint resulting from  officer
Lesmeisters' deliberately indifferent use of excessive (deadly) force.The plaintiff
also contends that the chief of police for the city of ROCKFORD is liable as well
for the loss of liberties resulting from Lesmeisters' deprivation of the
plaintiffs' federally protected constitutional rights to due process of law and
equal protection of such laws.TO WIT:

A)That officer Lesmeister with deliberate indifference to the known risk of severe
injury and blatent disregard for not only the safety of the plaintiff but many
innocent bystanders as well as their property,did indeed accelerate,swerve at, and
strike with his police vehicle said plaintiff without justification.

B)That officer Lesmeister did choose,in part, as a result of his opinions regarding
the plaintiffs' class and social standing i.e. "HOMELESS""TRANSIENT""POOR""PUNK
ROCK",to strike him (plaintiff) with the police vehicle.

C)That these acts as set forth in both (a)and (b) of this count as well as the acts
as set forth in count 1 of this complaint are violations of the plaintiffs'
federally protected constitutional rights to due process of law and equal protection
of such laws.

D)That use of excessive force without justification as well as class motivated
violence and discriminatory punitive acts have long been well established
constitutional and statutory law and were so at the time and date of the incident in
question.

E)That officer Lesmeister as a reasonable person should have been aware before his
commission of the acts, that they could constitute violations of federally protected
rights.

F)That the force used by Lesmeister was clearly unreasonable and disproportionate to
the need as well as shocking to the conscience under the totality of the
circumstances.

G)That the chief of police for the city of ROCKFORD ignored plainly observable facts
and signs that should have given notice to any reasonable official or entity,that
constitutional violations were taking place and that unchecked,continued violations
would likely occur.

H)That the chief of police failed or refused to properly train,supervise,control,
and or discipline his officers and their supervisors.

I)That this failure or refusal to properly train,supervise,control,and or discipline
caused officer Lesmeister as well as the asst. chief to subsequently believe that
such acts were acceptable,carrying on and or creating an unofficial policy,marked
custom,or well known practice of such acts by the ROCKFORD P.D.

J)That the aformentioned acts as set forth in count 1 of this complaint as well as
those set forth in this count were indeed the proximate cause of the
damages,injuries,and loss of liberties suffered by the plaintiff.

FIRST AMENDED FEDERAL CIVIL COMPLAINT UNDER 42 U.S.C. 1983

(COUNT 12)
Under the fourteenth amendment of the u.s. constitution pursuant to 42 u.s.c. 1983 the city of ROCKFORD is liable for the damages and injuries set forth in count 1 of this complaint resulting from  officer Lesmeisters' deliberately indifferent use of excessive (deadly) force.The plaintiff also contends that the city of ROCKFORD is liable as well for the loss of liberties resulting from Lesmeisters' deprivation of the plaintiffs' federally protected constitutional rights to due process of law and equal protection of such laws.TO WIT:

A)That officer Lesmeister with deliberate indifference to the known risk of severe injury and blatent disregard for not only the safety of the plaintiff but many innocent bystanders as well as their property,did indeed accelerate,swerve at, and strike with his police vehicle said plaintiff without justification.

B)That officer Lesmeister did choose,in part, as a result of his opinions regarding the plaintiffs' class and social standing i.e. "HOMELESS""TRANSIENT""POOR""PUNK ROCK",to strike him (plaintiff) with the police vehicle.

C)That these acts as set forth in both (a)and (b) of this count as well as the acts as set forth in count 1 of this complaint are violations of the plaintiffs' federally protected constitutional rights to due process of law and equal protection of such laws.

D)That use of excessive force without justification as well as class motivated violence and discriminatory punitive acts have long been well established constitutional and statutory law and were so at the time and date of the incident in question.

E)That officer Lesmeister as a reasonable person should have been aware before his commission of the acts, that they could constitute violations of federally protected rights.

F)That the force used by Lesmeister was clearly unreasonable and disproportionate to the need as well as shocking to the conscience under the totality of the circumstances.

G)That the city of ROCKFORD ignored plainly observable facts and signs that should have given notice to any reasonable official or entity,that constitutional violations were taking place and that unchecked,continued violations would likely occur.

H)That the city of ROCKFORD failed or refused to properly train,supervise,control, and or discipline its' officers and their supervisors.

I)That this failure or refusal to properly train,supervise,control,and or discipline caused officer Lesmeister as well as the chief and asst. chief to subsequently believe that such acts were acceptable,carrying on and or creating an unofficial policy,marked custom,or well known practice of such acts by the ROCKFORD P.D.

J)That the aforementioned acts as set forth in count 1 of this complaint as well as those set forth in this count were indeed the proximate cause of the damages,injuries,and loss of liberties suffered by the plaintiff.

# IN THE CIRCUIT COURT OF THE NORTHERN DISTRICT OF ILLINOIS
## COUNTY OF WINNEBAGO

## FIRST AMENDED FEDERAL CIVIL STATEMENT OF PRAYER FOR RELIEF

NOW COMES the plaintiff Jeremy L. Moore requesting respectfully of this honorable court that it grant his prayer for relief in counts 1,5,and 9 first for compensatory damages for the injuries incured by him in the amount of $150,000.00 as well as future damages for medical bills to be required payed in an amount deemed suitable by this court.Secondly he asks of this honorable court that he be granted compensatory damages in the amount of $350,000.00 for his loss of liberties as a result of the deprivation of substantive state protected constitutional rights.Thirdly he seeks punitive damages be levied against the defendant Lesmeister in an amount again deemed suitable by this court as a deterant from further commissions of such constutional violations during the performance of his duties.The plaintiff in addition to the aformentioned awards Mr. Moore begs of this honorable court that it grant him declaratoy damages in the form of a public declaration by the ROCKFORD police department that wrongs were indeed commited and that they will not again be permitted to occur.Lastly the plaintiff humbly asks that this court restrain by way of an injunction,the ROCKFORD police department and officer Aaron Lesmeister from committing any further like violations of citizens civil rights,in specific the use of police vehicles to strike pedestrian suspects to subdue and or seize,in cases that do not meet the stringent requirements for the use of deadly force by police in the state of ILLINOIS,as well as federal standards for police conduct.

The plaintiff then prays of this honorable court that it grant him compensatory damages in the amount of $150,000.00 for counts 2,3,4,6,7,8,10,11,12as well as the injunctive and declaratory damages requested for counts 1,5,and 9 above.

JEREMY MOORE
650 W STATE ST
ROCKFORD IL 61101

UNITED STATES   DISTRICT COURT
CIRCUIT CLERK OF THE COURT OF THE NORTHERN DIST
211 S COURT ST
ROCKFORD IL 61101

LEGAL MAIL DO NOT OPEN